Floyd W. Bybee, #012651
Law Office of Floyd W. Bybee, PLLC
4445 E. Holmes Avenue
Suite 107
Mesa, AZ 85206-5530
Office:  (480) 756-8822
Fax: (480) 302-4186
floyd@bybeelaw.com

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Randall O. Skorheim, | ) | No. |
| | ) | |
| | ) | |
| Plaintiff, | ) | COMPLAINT |
| | ) | |
| v. | ) | |
| | ) | |
| Medical Data Systems, Inc., a | ) | |
| Florida corporation; | ) | |
| | ) | |
| Defendant. | ) | (Jury Trial Demanded) |
| | ) | |

Plaintiff alleges as follows:

### I.  Preliminary Statement

1.     Plaintiff brings this action for damages based upon Defendant's

violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692

et seq. (hereinafter "FDCPA") and the Fair Credit Reporting Act

("FCRA"), 15 U.S.C. §§ 1681 et seq.  In the course of attempting to

collect a debt allegedly owed by Plaintiff, Defendant engaged in

deceptive, unfair and / or abusive debt collection practices in violation

1    of the FDCPA.  Plaintiff seeks an award of statutory damages, actual

2    damages, punitive damages, costs and attorney's fees.

3                    II.  Statutory Structure of FDCPA

4    2.    Congress passed the FDCPA to eliminate abusive debt collection

5          practices by debt collectors, to insure that those debt collectors who

6          refrain from using abusive debt collection practices are not

7          competitively disadvantaged, and to promote consistent state action to

8          protect consumers against debt collection abuses. FDCPA § 1692.

9    3.    The FDCPA is designed to protect consumers who have been

10         victimized by unscrupulous debt collectors regardless of whether a

11         valid debt exists.  Baker v. G.C. Services Corp., 677 F.2d 775, 777 (9th

12         Cir. 1982).

13   4.    The FDCPA defines a "consumer" as any natural person obligated or

14         allegedly obligated to pay any debt.  FDCPA § 1692a(3).

15   5.    The FDCPA defines "debt" as any obligation or alleged obligation of a

16         consumer to pay money arising out of a transaction in which the

17         money, property, insurance, or services which are the subject or the

18         transaction are primarily for personal, family, or household purposes.

19         FDCPA § 1692a(5).

20   6.    The FDCPA defines "debt collector' as  any person who uses any

21         instrumentality of interstate commerce or the mails in any business

22         the principal purpose of which is the collection  of any debts, or who

23         regularly collects or attempts to collect, directly or indirectly, debts

24         owed or due or asserted to be owed or due to another.  FDCPA §

25         1692a(6).

7.    Any debt collector who fails to comply with the provisions of the
      FDCPA is liable for any actual damage sustained; statutory damages
      up to $1,000; attorney's fees as determined by the Court and costs of
      the action. FDCPA § 1692k.

### III.  Statutory Structure of FCRA

8.    When Congress enacted the FCRA in 1970, it recognized that "Unfair
      credit methods undermine the public confidence which is essential to
      the continued functioning of the banking system."  FCRA § 1681(a)(1).

9.    Congress crafted the FCRA to protect consumers from the
      transmission of inaccurate information about them.  <u>Kates v. Croker
      National Bank</u>, 776 F.2d 1396, 1397 (9th Cir. 1985).

10.   In 1996 Congress amended the FCRA imposing upon furnishers of
      information, such as the defendant herein, detailed and specific
      responsibilities, including those in FCRA § 1681s-2(b).  The furnisher
      has its own obligation to conduct a reasonable investigation of
      Plaintiff's disputes.  <u>Johnson v. MBNA</u>, 357 F.3d. 426 (4th Cir. 2004);
      <u>Cushman v. Trans Union Corporation</u>, 115 F.3d 220, 227 (3rd Cir.
      1997).

11.   Any furnisher which fails to conduct a reasonable investigation under
      FCRA § 1681s-2(b), is liable to the consumer for any actual damages
      sustained, and if the failure is willful, then actual damages sustained
      or statutory damages of not less than $100 and not more than $1,000,
      and punitive damages, together with attorney's fees and costs of the
      action.  FCRA §§ 1681n and o.

IV.  Jurisdiction

12.     Jurisdiction of this Court, over this action and the parties herein,

arises under 15 U.S.C. § 1692k(d) (FDCPA), 15 U.S.C. § 1681p (FCRA),

and 28 U.S.C. §1337.  Venue lies in the Phoenix Division of the

District of Arizona as Plaintiff's claims arose from acts of the

Defendant perpetrated therein.

V.  Parties

13.     Plaintiff is a citizen of Maricopa County, Arizona.

14.     Plaintiff was allegedly obligated to pay a consumer debt and is a

"consumer" as defined by FDCPA § 1692a(3) and FCRA § 1681a(c).

15.     Defendant Medical Data Systems, Inc. ("Medical Data") is a Florida

corporation.

16.     Medical Data regularly collects or attempts to collect debts owed or

asserted to be owed or due another.

17.     Medical Data also uses the trade name of Medical Revenue Services to

collect debts asserted to be owed or due another.

18.     Medical Data is a "debt collector" as defined by FDCPA § 1692a(6).

19.     Medical Data is a "person" as defined by FCRA § 1681a(b).

20.     Medical Data is a "furnisher" of information as contemplated by FCRA

§ 1681s-2(a) & (b), who regularly and in the ordinary course of

business furnishes information to one or more consumer reporting

agencies about consumer transactions or experiences with any

consumer.

VI.  Factual Allegations

21.     In December 2004, Plaintiff received medial services from St. Luke's

- 4 -

Behavioral Health Center.

22. Prior to admission at St. Luke's, Plaintiff's Medicare HMO had authorized and agreed to pay for the services provided.

23. Under the contract between St. Luke's and Plaintiff's HMO, St. Luke's agreed that it would not bill Plaintiff for services above its contracted rate with the HMO.

24. After Plaintiff's discharge, St. Luke's discounted the charges by $5,574.42.

25. Plaintiff's HMO paid St. Luke's its contracted charges in full.

26. St. Luke's subsequently assigned a purported debt to Medical Data for collection purposes.

27. Medical Data sent Plaintiff a letter dated May 11, 2006 concerning the St. Luke's debt.

28. On May 20, 2006, Plaintiff sent a letter to Medical Data disputing the alleged debt.

29. Plaintiff attached to his letter a copy of a letter he had received from his HMO stating that it would pay for the St. Luke's medical services.

30. Plaintiff also attached to his letter to Medical Data a billing statement from St. Luke's showing the contracted discount of $5,679.42, and that the balance had been paid in full by his HMO.

31. In July 2007, Plaintiff obtained a copy of his credit report from Trans Union, a national consumer reporting agency.

32. The July 2007 report reflected that Medical Data had updated its reporting of the alleged debt to Trans Union in June 2007 to show a balance owing of $5,679.

- 5 -

33.   On August 11, 2007, Plaintiff sent a dispute to Trans Union concerning the Medical Data account.

34.   Plaintiff attached to his dispute to Trans Union, a copy of his prior dispute to NCO Financial Services, an earlier collection agency hired by St. Luke's, a copy of his May 20, 2006 dispute to Medical Data including a copy of the letter from his HMO stating that it was liable for the debt, and a copy of the billing statement from St. Luke's showing the discount of $5,679.42 and that the balance of $1,800.00 had been paid by Plaintiff's HMO.

35.   Trans Union received Plaintiff's dispute and documents on August 16, 2007.

36.   Upon information and belief, after receiving Plaintiff's dispute, Trans Union contacted Medical Data and requested that Medical Data investigate the account's validity, and verify its reporting of the account to Plaintiff's credit file.

37.   Upon information and belief, Medical Data received Trans Union's communication of Plaintiff's dispute and verified back to Trans Union that it was reporting the account accurately, and that in fact Plaintiff owed the St. Luke's debt.

38.   Plaintiff subsequently received notice from Trans Union that the Medical Data account had been verified and remained on his credit file.

39.   Medical Data reported and verified its reporting of the St. Luke's debt to Trans Union in an attempt to collect a debt from Plaintiff.

40.   In February 2008, Plaintiff received a copy of his Experian credit

1   report which showed that Medical Data had begun reporting the St.

2   Luke's debt to Plaintiff's Experian file in February 2008.

3   41.   Medical Data reported the St. Luke's debt to Experian in an attempt to

4         collect a debt from Plaintiff.

5   42.   At no time has Medical Data provided any form of verification to

6         Plaintiff concerning the St. Luke's debt.

7   43.   Medical Data has continued to report inaccurate, derogatory and

8         improper information and failed to retract, delete and/or suppress

9         inaccurate, derogatory and improper information about the Plaintiff,

10        as described more fully herein.

11  44.   As a result and proximate cause of Defendant's actions, Plaintiff has

12        suffered actual damages.

13  45.   Defendant's actions were intentional, willful, and in gross or reckless

14        disregard of the rights of Plaintiff and as part of its persistent and

15        routine practice of debt collection.

16  46.   In the alternative, Defendant's actions were negligent.

17                          VII.  CAUSES OF ACTION

18                    a.  Fair Debt Collection Practices Act

19  47.   Plaintiff repeats, realleges, and incorporates by reference the foregoing

20        paragraphs.

21  48.   Defendant's violations of the FDCPA include, but are not necessarily

22        limited to, 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(8), 1692e(10),

23        1692f(1), and 1692g.

24  49.   As a direct result and proximate cause of Defendant's violations of the

25        FDCPA, Plaintiff has suffered actual damages for which Defendant is

- 7 -

1    liable.

2                          b.  Fair Credit Reporting Act

3    50.   Plaintiff repeats, realleges, and incorporates by reference the foregoing

4          paragraphs.

5    51.   Medical Data failed to conduct a reasonable investigation of Plaintiff's

6          disputes, and otherwise failed to comply with FCRA § 1681s-2(b).

7    52.   Medical Data has wilfully, or alternatively, negligently violated FCRA

8          § 1681s-(b) on multiple occasions.

9    53.   As a result of Medical Data's actions, Plaintiff has been damaged.

10   54.   Pursuant to FCRA § 1681o, any person who is negligent in failing to

11         comply with any requirement imposed under the FCRA with respect to

12         any consumer is liable to that consumer in an amount equal to the sum

13         of (1) any actual damages sustained by the consumer as a result of the

14         failure and (2) in the case of any successful action to enforce any

15         liability under 15 U.S.C. § 1681o, the costs of the action together with

16         reasonable attorneys' fees.

17   55.   As a result of Defendant's negligent failure to comply with the FCRA,

18         Defendant is liable to Plaintiff in an amount equal to the sum of (1)

19         any actual damages sustained by Plaintiff as a result of said failure

20         and (2) the costs of this action together with reasonable attorneys' fees.

21   56.   Pursuant to 15 U.S.C. § 1681n, any person who willfully fails to comply

22         with any requirement imposed under the FCRA with respect to any

23         consumer is liable to that consumer in an amount equal to the sum of

24         (1) any actual damages sustained by the consumer as a result of the

25         failure or damages or not less than $100.00 and not more than

1    $1,000.00; (2) such amount of punitive damages as the court may

2    allow; and (3) in the case of any successful action to enforce any

3    liability under 15 U.S.C. § 1681n, the costs of the action together with

4    reasonable attorneys' fees.

5  57.  As a result of Defendant's willful failure to comply with the FCRA,

6    Defendant is liable to Plaintiff in an amount equal to the sum of (1)

7    any actual damages sustained by Plaintiff as a result of the failure or

8    damages of not less than $100.00 and not more than $1,000.00 for each

9    such violation; (2) such amount of punitive damages as the court may

10   allow; and (3) the costs of this action together with reasonable

11   attorneys' fees.

12                    VIII.  DEMAND FOR JURY TRIAL

13   Plaintiff hereby demands a jury trial on all issues so triable.

14                    IX.  PRAYER FOR RELIEF

15   WHEREFORE, Plaintiff requests that judgment be entered against

16 Defendant for:

17   a)   Statutory damages of $1,000 pursuant to FDCPA § 1692k;

18   b)   Actual damages for the FDCPA violations in an amount to be

19        determined at trial;

20   c)   Actual damages under the FCRA, or in the alternative, statutory

21        damages of $1,000 per violation pursuant to FCRA § 1681n;

22   d)   Punitive damages pursuant to FCRA § 1681n;

23   e)   Costs and reasonable attorney's fees pursuant to §1692k and §§

24        1681n and o; and

25   f)   Such other relief as may be just and proper.

1

2          DATED   April 3, 2008  .

3

4
                                        s/ Floyd W. Bybee
5                                     Floyd W. Bybee, #012651
                                      Law Office of Floyd W. Bybee, PLLC
6                                     4445 E. Holmes Avenue
                                      Suite 107
7                                     Mesa, AZ 85206-5530
                                      Office:  (480) 756-8822
8                                     Fax: (480) 302-4186
                                      floyd@bybeelaw.com
9
                                      Attorney for Plaintiff
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25